IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| O.G. JACKSON, SR., | § | |
|                Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2615-B-BK |
| | § | |
| CHARLES ROSENBURG, Executive | § | |
| Director of the U.S. Drug Enforcement | § | |
| Agency, et al., | § | |
|                Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On September 13, 2016, Plaintiff, a former state prisoner proceeding without the assistance of counsel, filed his *Extra-Ordinary Writ of Mandamus, Original Petition*. Doc. 3 at 1-2. The Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

Plaintiff seeks mandamus relief against Charles Rosenburg, Executive Director of the United States Drug Enforcement Agency, and Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ). Doc. 3 at 1. He requests the Court "to resolve a very deadly public health crisis" from opiate drugs and male sex hormones, which are allegedly stolen from prison and medical institutions and used to lace inmates' food. Doc. 3 at 1, 3-4, 6. He maintains that such "bloodletting ultraviolent behavior, by both inmates and prison guards, is a direct product of voluntary, in-voluntarily and un-knowing drug intoxication by these stolen

male sex hormones . . . through the inmate chow hall food and employee dinning [sic] hall food." Doc. 3 at 6. He also seeks public disclosure and compensatory damages for "injuries [he and other prison writ writers] received as a result of abuse of the prison disciplinary process, in retaliation for blowing the whistle by reporting and attempting to have the predicament of stolen pharmaceuticals that [are] being used to spike inmate chow hall food, [sic] permanently resolved." Doc. 3 at 8.

In 2012 and 2015, Plaintiff filed two prior petitions for writ of mandamus, under aliases, complaining that stolen male sex hormones and drugs were being fed to prison inmates, and that TDCJ had converted street pharmaceuticals into a deadly radiological electro-magnetic air-borne form that was capable of killing people. This Court dismissed both actions with prejudice as patently frivolous. *See G. Jackson v. Mueller, et al.*, No. 3:12-CV-543-B-BH Doc. 6 (N.D. Tex.), *recommendation accepted*, No. 3:12-CV-543-B-BH Doc. 9 (N.D. Tex. 2012); *Gregory Jackson v. McCarthy, et al.*, No. 3:15-CV-3385-P Doc. 8 (N.D. Tex.), *recommendation accepted*, No. 3:15-CV-3385-P Doc. 10 (N.D. Tex. 2015).[1]

In 2010, the United States District Court for the Western District of Pennsylvania dismissed with prejudice as frivolous a complaint in which Plaintiff attempted to state civil rights violations stemming from (1) his unlawful arrest, (2) his confinement in a state hospital, and (3) the alleged misconduct of federal district court clerk's employees. *See Gregory B. Jackson, a/k/a Gregory Jackson v. Easton, et al.*, No. 2:10-CV-518, 2010 WL 2103645 (W.D. Penn. May 25, 2010).

---

[1] Both petitions listed Plaintiff's address at 1214 Pennsylvania Avenue, Pittsburgh, PA 15233, as in the present action.

Additionally, Plaintiff has a history of improper contacts with the United States Court of Appeals for the Fifth Circuit in connection with a 2009 petition for writ of mandamus. In that action, Plaintiff complained of a "'most extraordinary deadly public safety peril,' namely 'health hazardous substances' distributed 'over at least a 100 mile area' by a fan, where it create[d] 'a massive field of electromagnetic radiation that affect[ed] every living being' in the area." *In re Gregory Jackson*, No. 09-10374, at 1 (5th Cir. 2009).[2] The Court of Appeals dismissed the petition for lack of jurisdiction. *Id.* at 2. Due to Plaintiff's disruptive and abusive behavior when contacting the clerk's office and judges' chambers, the Court also ordered the clerk to "accept and open no further cases from Jackson, whether appeals or original actions, unless Jackson first receives permission to file from a judge of this court." *Id.* at 2.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

---

[2] The petition listed Plaintiff's address at 1214 Pennsylvania Avenue, Pittsburgh, PA 15233, as in the present action.

3

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's factual contentions are legally and factually frivolous.

Plaintiff's allegations of stolen drugs and inmates' food being spiked with sex hormones and other psychological drugs, and of retaliation against prison writ writers for reporting the stolen-drug activity, lack any factual enhancement and are based on factual scenarios that are clearly irrational and incredible. *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him). Plaintiff also has presented no supporting legal authority for the claims he asserts or the relief he seeks.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend is complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that his claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## IV. SANCTION WARNING

As recounted above, Plaintiff is no stranger to this Court.  Given his filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any future action.

**SIGNED** December 12, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

6